OZBURN-HESSEY LOGISTICS,
LLC, Petitioner

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent

United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC, Intervenor

No. 15-1319
September Term, 2016
Consolidated with 15-1369

United States Court of Appeals,
District of Columbia Circuit.

Filed On: December 30, 2016

Benjamin H. Bodzy, Esquire, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Nashville, TN, Stephen Dorr Goodwin, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Memphis, TN, for Petitioner.

Linda Dreeben, Deputy Associate General Counsel, Robert J. Englehart, Supervisory Attorney, David Allen Seid, Attorney, National Labor Relations Board (NLRB), Appellate and Supreme Court Litigation Branch, Washington, DC, for Respondent.

Daniel M. Kovalik, Esquire, Nancy Alaba Parker, Assistant General Counsel, United Steelworkers of America, AFL-CIO, Pittsburgh, PA, for Intervenor.

Before: Kavanaugh and Wilkins, Circuit Judges, and Williams, Senior Circuit Judge.

## JUDGMENT

Per Curiam

This case was considered on the record from the National Labor Relations Board, and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the petition for review be **DENIED** and the Board's cross-application for enforcement be **GRANTED**.

In 2011, the employees at Ozburn-Hessey Logistics's warehouse facilities in Memphis, Tennessee voted to make United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union their bargaining representative. A few months later, Ozburn-Hessey disciplined several of its employees for alleged misconduct. As relevant here, Ozburn-Hessey suspended Renal Dotson and discharged Deshonte Johnson. Both men had been involved in union activities. Ozburn-Hessey suspended Dotson because he allegedly displayed insubordinate behavior in two meetings and discharged Johnson because he allegedly jumped over a moving conveyor belt. These two employees claim, however, that they were disciplined because of their union activities.

Under the National Labor Relations Act, an employer may not discipline or discharge an employee based on the employee's union activity. *See* 29 U.S.C. § 158(a). When an employer disciplines or discharges an employee and the employee alleges that the employment action occurred because of the employee's union activity, the ultimate question is whether the employer's stated reason for disciplining an employee was a pretext for discrimination based on the employee's union activity. *See Wright Line*, 251 N.L.R.B. 1083, 1089 (1980); *see also Chevron Mining, Inc. v. NLRB*, 684 F.3d 1318, 1326–28 (D.C. Cir. 2012). In this case, the Board concluded that Ozburn-Hessey's stated reasons for suspending Dotson and firing Johnson were pretextual. In particular, the Board found that Ozburn-Hessey disciplined Dotson and Johnson more severely than other employees who had engaged in similar conduct. With respect to Dotson, the Board noted that Ozburn-Hessey had not suspended other employees who were disruptive in meetings or insolent to management. And with respect to Johnson, the Board noted that Ozburn-Hessey had not fired other employees who had jumped over the conveyor belt. Based on those and other facts, the Board concluded that Ozburn-Hessey suspended Dotson and fired Johnson based on their union activities.

Our standard of review of the Board's decision is deferential. *See Fort Dearborn Co. v. NLRB*, 827 F.3d 1067, 1072 (D.C. Cir. 2016). Here, substantial evidence supports the Board's finding that Ozburn-Hessey's stated reasons for suspending Dotson and firing Johnson were pretexts for anti-union animus. Therefore, we deny Ozburn-Hessey's petition for review and grant the Board's cross-application for enforcement.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).